BLYTHE MICKELSON, Bar No. 095506
ROBERTA D. PERKINS, Bar No. 153074
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501-1091
Telephone 510.337.1001
Fax 510.337.1023

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CARPENTERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA,

    Plaintiff,

v.

MGM'S CABINET INSTALLATION SERVICES and MICHAEL GORDON MOXLEY,

    Defendants.

No. CV 08 1164

**COMPLAINT FOR COLLECTION OF WITHDRAWAL LIABILITY**

[29 U.S.C. §1001, et seq.; §1381, et seq.]

**NATURE OF THE ACTION**

1. The Carpenters Pension Trust Fund for Northern California ("Pension Trust Fund") brings this action for legal and equitable relief pursuant to sections 4201 through 4225 and 4301 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1101, et seq., as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1381, et seq.

2. A copy of the pleading in this action has been served upon the Pension Benefit Guaranty Corporation by certified mail pursuant to ERISA section 4301(g), 29 U.S.C. §1451(g).

**JURISDICTION**

3. Jurisdiction of this Court is proper under Sections 502(a)(3), 502(e)(1), 4301(a)(1) and 4301(c) of ERISA, 29 U.S.C. §§1132 (a)(3), 1132 (e)(1), 1451(a)(1) and 1451(c).

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

Complaint

## VENUE & INTRADISTRICT ASSIGNMENT

4. Defendants MGM's Cabinet Installation Services and Michael Gordon Moxley are domiciled in Pinole, Contra Costa County, California, and are within the Northern District of California. This action is properly brought in this judicial district pursuant to sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e) and 1451(d). Assignment to either the San Francisco or Oakland divisions would be proper under Civil Rule 3-2(d) because the principal office of the Plaintiff is in Alameda County and a substantial part of the events or omissions respecting the requirement of Defendants to pay the assessed withdrawal liability occurred in Alameda and/or Contra Costa Counties.

## THE PARTIES

5. The Pension Trust Fund is, and at all times mentioned has been an employee benefit plan organized and existing under the laws of the United States, with its principal office in the City of Oakland, Alameda County, California. At all times mentioned the Pension Trust Fund was, and is now a collectively bargained multi-employer pension plan as defined in Section 3(37) and Section 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3), and established pursuant to Section 302 of the Labor Management Relations Act, 29 U.S.C. § 186.

6. At all times mentioned, Michael Gordon Moxley ("Moxley") was the sole owner of and was and is now doing business as MGM's Cabinet Installation Services ("MGM") (collectively "Defendants"). Defendants were and are now employers within the meaning of Sections 3(5) and 515 of ERISA, 29 U.S.C. §§ 1002(5) and 1145, and employers in an industry affecting commerce within the meaning of Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. Defendants are qualified to do business under the laws of the State of California.

7. The Pension Trust Fund is informed and believes and thereupon alleges that the Defendants, and each of them, are alter egos; interrelated; overlapping; under common management, control, ownership, and operation; successors; or a single employer as contemplated in the applicable labor agreements and therefore, Defendants, and each of them, were bound to the applicable labor agreements and are liable for the assessed withdrawal liability, which are delinquent contributions under Sections 515 and 4301(b) of ERISA, 29 U.S.C. §§ 1145 and

1451(b).

## CLAIM FOR RELIEF

8. Plaintiff refers to paragraphs 1 through 7, inclusive, and by such reference incorporates them herein as though fully set forth.

9. Moxley, individually and doing business as MGM was a party to and bound by a written collective bargaining agreement with Carpenters 46 Northern California Counties Conference Board of the United Brotherhood of Carpenters and Joiners of America. Pursuant to the collective bargaining agreement Defendants were obligated to make regular and timely contributions to the Pension Trust Fund on behalf of all employees performing work covered under the collective bargaining agreement. Defendants were further bound to all the terms and conditions of the Trust Agreement establishing the Pension Trust Fund.

10. By virtue of the above referenced agreements, Defendants became contributing employers to the pension plan ("Plan") established by the Pension Trust Fund for employees in the building and construction industry.

11. On or about July 1, 2004, Defendants ceased to contribute to the Plan for the work of employees covered by the Plan. The cessation of contributions constitutes a complete withdrawal from the Plan as defined by ERISA section 4203(a)(1), 29 U.S.C. § 1383(a)(1).

12. Section 4201 of ERISA, 29 U.S.C. § 1381, requires an employer that withdraws from a multi-employer pension plan, such as the one maintained by the Pension Trust Fund, to pay withdrawal liability as determined by the sponsor of the Plan pursuant to the applicable statutory, administrative and contractual provisions.

13. ERISA section 4202, 29 U.S.C. §1382, requires the Plan sponsor to determine the amount of the withdrawn employer's withdrawal liability computed in accordance with ERISA section 4211, 29 U.S.C. §1391. ERISA section 4219, 29 U.S.C. § 1399 requires the Plan sponsor to notify the employer of the amount of withdrawal liability and the schedule of payments and demand payment in accordance with that schedule.

14. The Pension Trust Fund computed Defendants' withdrawal liability in accordance with ERISA section 4211, 29 U.S.C. §1391. Defendants' withdrawal liability calculated as

provided by law is $172,045.00. The Pension Trust Fund computed a payment schedule as provided by law and established a schedule requiring payments of $3,340 per month for 61 months plus a final payment of $1,491.00. The first payment under the schedule was due on June 1, 2005 and the final payment is due on July 1, 2010.

15. Pursuant to ERISA section 4219, 29 U.S.C. §1399, the Pension Trust Fund notified Defendants of the amount of their withdrawal liability on March 8, 2005, and of the right to make a lump sum payment or to make installment payments pursuant to the schedule of payments. Defendants were also informed of their obligation to make monthly payments to Pension Trust Fund even if a review of the withdrawal liability determination was requested. The calculations and the assumptions used to calculate the total withdrawal liability were attached to the notice.

16. On or about May 27, 2005, Defendants requested review of the determination of the amount of withdrawal liability and arbitration of the determination withdrawal liability is owed.

17. Defendants failed to make the initial installment payment on June 1, 2005, and have not made any payments despite the request for review and arbitration. Defendants have further refused to communicate with the Pension Trust Fund regarding arbitration of the determination of withdrawal liability.

18. Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5), provides that in the event of a default in payments, a plan sponsor may require immediate payment of the entire amount of outstanding withdrawal liability, plus accrued interest on that total amount of outstanding liability from the due date of the first payment which was not timely made.

19. Defendants Moxley and MGM are indebted to the Pension Trust Fund in the amount of $172,045.00, representing the total withdrawal liability owed, exclusive of interest, liquidated damages, attorneys' fees, and other incidental costs in accordance with sections 502(g)(2) and 4301(b) and (e) and of ERISA, 29 U.S.C. § 1132(g)(2) and 1451(b) and (e).

20. Based upon the allegations in paragraphs 5 and 6, Defendant Moxley, individually and doing business as MGM, is indebted to the Pension Trust Fund in the amount of $172,045.00, representing the total withdrawal liability owed, exclusive of interest, liquidated damages, attorneys' fees, and other incidental costs in accordance with sections 502(g)(2) and 4301(b) and

1  (e) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(b) and (e).

## PRAYER

WHEREFORE, the Pension Trust Fund prays judgment against Michael Gordon Moxley and MGM's Cabinet Installation Services, and each of them, as follows:

1. For $172,045.00 representing the full amount of withdrawal liability owed, together with accrued interest from the date the first installment was due, attorneys' fees, costs and expenses incurred in connection with this action, including reasonable attorneys' fees pursuant to ERISA sections 502(g)(2), 4219(c)(5), and 4301(b) and (e), 29 U.S.C. §§ 1132(g)(2), 1399(c)(5), and 1451(b) and (e);

2. Liquidated damages provided for under the Plan and trust agreement in accordance with sections 502(g)(2)(C) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2)(C) and 1451(b);

3. Reasonable attorneys' fees and costs of suit incurred herein in accordance with ERISA sections 502(g)(2)(D) and 4301(e), 29 U.S.C. §§ 1132(g)(2)(D) and 1451(e); and

4. For such other and further legal and equitable relief as this Court deems just and proper.

Dated: February 26, 2008

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

By: /s/ Roberta D. Perkins
BLYTHE MICKELSON
ROBERTA D. PERKINS
Attorneys for Plaintiff
Carpenters Pension Trust Fund for Northern California

110397/484793

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
CARPENTERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA

### DEFENDANTS
MGM'S CABINET INSTALLATION SERVICES, MICHAEL GORDON MOXLEY

(b) County of Residence of First Listed Plaintiff: Alameda
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Contra Costa
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE OF LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Weinberg, Roger & Rosenfeld
1001 Marina Village Parkway, Suite 200
Alameda, CA 94501-1090
510.337.1001

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane / 362 Personal Injury - Med. Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | 625 Drug Related Seizure of Property 21 USC 881 | | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander / 365 Personal Injury - Product Liability | 630 Liquor Laws | PROPERTY RIGHTS | 450 Commerce |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability | 640 R.R. & Truck | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 340 Marine | 650 Airline Regs. | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability / PERSONAL PROPERTY | 660 Occupational Safety/Health | 840 Trademark | 480 Consumer Credit |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / 370 Other Fraud | 690 Other | SOCIAL SECURITY | 490 Cable/Sat TV |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | | 861 HIA (1395ff) | 810 Selective Service |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | LABOR | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| 195 Contract Product Liability | 385 Property Damage Product Liability | 710 Fair Labor Standards Act | 863 DIWC/DIWW (405(g)) | 875 Customer Challenge 12 USC 3410 |
| 196 Franchise | | 720 Labor/Mgmt. Relations | 864 SSID Title XVI | 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | 730 Labor/Mgmt. Reporting & Disclosure Act | 865 RSI (405(g)) | 891 Agricultural Acts |
| 210 Land Condemnation | 441 Voting / 510 Motion to Vacate Sentence | 740 Railway Labor Act | FEDERAL TAX SUITS | 892 Economic Stabilization Act |
| 220 Foreclosure | 442 Employment / Habeas Corpus: | 790 Other Labor Litigation | 870 Taxes (U.S. Plaintiff or Defendant) | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 443 Housing/Accommodations / 530 General | [X] 791 Empl. Ret. Inc. Security Act | 871 IRS - Third Party 26 USC 7609 | 894 Energy Allocation Act |
| 240 Torts to Land | 444 Welfare / 535 Death Penalty | | | 895 Freedom of Information Act |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 540 Mandamus & Other | | | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / 550 Civil Rights | | | 950 Constitutionality of State Statutes |
| | 440 Other Civil Rights / 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. sections 1001, et seq. and 1381 et seq.

Brief description of cause: ERISA withdrawal liability

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ 172,045
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 26 February 2008
SIGNATURE OF ATTORNEY OF RECORD: [signature]

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

NDC-JS44