BLYTHE MICKELSON, Bar No. 095506
ROBERTA D. PERKINS, Bar No. 153074
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501-1091
Telephone 510.337.1001
Fax 510.337.1023

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARPENTERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA,<br><br>Plaintiff,<br><br>v.<br><br>MGM'S CABINET INSTALLATION SERVICES and MICHAEL GORDON MOXLEY,<br><br>Defendants. | No.    CV 08-1164 WHA<br><br>**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO ENTER DEFAULT JUDGMENT** |

## I.    INTRODUCTION

Plaintiff Carpenters Pension Trust Fund for Northern California ("Pension Fund") moves for the entry of a default judgment against Defendants MGM's Cabinet Installation Services ("MGM's Cabinet") and Michael Gordon Moxley ("Moxley," collectively "Defendants") to recover obligations incurred and owed to the Pension Fund as a result of MGM's Cabinet's withdrawal from the Plan.  MGM's Cabinet and Moxley were properly served with the complaint and failed to appear.  The Pension Fund now asks that judgment be entered against MGM's Cabinet and Moxley in the amount of the unpaid withdrawal liability—$172,045.00—and that interest and attorneys' fees, costs and expenses be awarded pursuant to the Employees Retirement Income Security Act of 1974 ("ERISA") sections 502(g), 4219(c)(5), and 4301(b) and (e), 29 U.S.C. sections 1132(g)(2), 1399(c)(5) and 1451(b) and (e).

/ / /

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

Memorandum of Points and Authorities in Support of Motion to Enter Default Judgment (CV 08-1164 WHA)

## II.    FACTS

### A.    BACKGROUND FACTS

The Pension Fund is a multiemployer plan within the meaning of section 3(37) of ERISA, 29 U.S.C. § 1002(37), established pursuant to a written Agreement and Declaration of Trust to provide pension benefits in accordance with a written plan of benefits ("Plan") to employees for whom contributions were made by participating employers.  The Plan is an employee benefit plan within the meaning of sections 3(2) and (3) of ERISA, 29 U.S.C. § 1002(2) and (3).

Defendant MGM's Cabinet was signatory to a collective bargaining agreement with the Carpenters 46 Northern California Counties Conference Board of the United Brotherhood of Carpenters and Joiners of America.  Pursuant to the collective bargaining agreement, MGM's Cabinet was obligated to make contributions to the Pension Fund on behalf of its employees and was bound to all terms and conditions of the Trust Agreement establishing the Pension Fund. MGM's Cabinet qualifies as an employer as defined by section 3(5) of ERISA, 29 U.S.C. § 1002(5).  The Pension Fund contends that Moxley, as the sole owner of MGM's Cabinet was the company's alter ego and is equally liable as an employer for the contribution obligations under the collective bargaining agreement.

On or around July 1, 2004, MGM's Cabinet ceased to contribute to the Pension Fund on behalf of its covered employees.  The cessation of contributions constitutes a complete withdrawal from the Plan as defined by ERISA section 4203, 29 U.S.C. § 1382(a)(2).  As a result of the complete withdrawal, Defendants became obligated to make a withdrawal liability payment as required by ERISA section 4201, 29 U.S.C. § 1381.

As required under ERISA section 4202, 29 U.S.C. § 1382, the Pension Fund determined the amount of withdrawal liability in accordance with ERISA section 4211, 29 U.S.C. §1391.  On March 8, 2005, the Pension Fund notified Defendants of the total withdrawal liability and requested monthly installment payments of the obligation commencing on June 1, 2005, with a final payment on July 1, 2010.  Perkins Decl., Ex. 1.[1]  On or around May 27, 2005, Defendants

---

[1]  "Perkins Decl." refers to the Declaration of Counsel in Support of Motion for Entry of Default Judgment.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

1  requested review of the determination of the amount of withdrawal liability and arbitration of the

2  determination that withdrawal liability was owed.  Perkins Decl., Ex. 2.  Defendants did not make

3  the initial installment payment on June 1, 2005, and took no further action regarding its request for

4  arbitration.  *Id.*, ¶ 3.

5       On September 10, 2007, the Pension Fund notified Defendants that as a result of the failure

6  to make quarterly installment payments, the Pension Fund elected to require immediate payment of

7  the entire amount of withdrawal liability plus all accrued interest.  Perkins Decl., Ex. 3.

8  Defendants did not make any payments in response to the September 2007 demand and has not

9  made any payment of the assessed withdrawal liability to date.

10  **B.**  **PROCEDURAL FACTS**

11       The Pension Fund filed its complaint on February 27, 2008, seeking to collect the

12  withdrawal liability and accrued interest, and to recover attorneys' fees, costs and expenses.  The

13  complaint was timely served on Moxley on March 5, 2008 and on MGM's Cabinet on March 8,

14  2008.  Docket Nos. 5, 6.  Neither party responded to the complaint or requested any extension of

15  time to respond.

16       The Pension Fund filed its Request to Enter Default on May 1, 2008 and an Amended

17  Request on May 5, 2008.  Default was entered on May 5, 2008.  Docket Nos. 7-9.  This motion

18  follows.

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 3 -
Memorandum of Points and Authorities in Support of Motion to Enter Default Judgment (CV 08-1164 WHA)

1

### III.  AUTHORITIES

2     ERISA section 4201, 29 U.S.C. § 1381(a) provides:

3           If an employer withdraws from a multiemployer plan in a complete
            withdrawal, or a partial withdrawal, then the employer is liable to the plan in
4           the amount determined under this part to be the withdrawal liability.

5     The Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA") "was intended to reduce

6     the incentive for employers to withdraw from multiemployer plans by making it 'onerous and

7     costly for them to do so.' "  *United Foods, Inc. v. Western Conference of Teamsters Pension Trust*

8     *Fund*, 816 F.Supp. 602, 610 (N.D. Cal. 1993), *aff'd*. 41 F.3d 1338 (9th Cir. 1994), citing *H.C.*

9     *Elliott, Inc. v. Carpenters Pension Trust Fund*, 859 F.2d 808, 810 (9th Cir. 1988), *cert. denied* 490

10    U.S. 1036 (1989).

11          The MPPAA requires a withdrawing employer to fund its share of the unfunded vested

12    benefits, compensating the plan for benefits which have already vested with the employees at the

13    time of the employer's withdrawal.  *Woodward Sand Co. v. Western Conference of Teamsters*

14    *Pension Trust Fund*, 789 F.2d 691, 694 (9th Cir. 1986); *United Foods.*, 816 F.Supp. at 606, 610; 29

15    U.S.C. §1381(b).  Withdrawal liability avoids shifting the burden of vested benefits to other

16    employers still participating in the plan and ultimately to the Pension Benefit Guaranty

17    Corporation.  *United Foods*, 816 F.Supp. at 606; *Central States Pension Fund v. Slotky*, 956 F.2d

18    1369, 1371 (7th Cir. 1992).

19          When an employer fails to make a withdrawal liability payment, and the failure is not cured

20    within 60 days after the plan gives notice of the failure to the employer, a plan sponsor may

21    immediately require payment of the outstanding amount of withdrawal liability plus accrued

22    interest on the total outstanding liability.  ERISA section 4219(c)(5), 29 U.S.C. § 1399(c)(5).  An

23    action on the failure to pay withdrawal liability can be maintained by the plan or its fiduciary.

24    ERISA section 4301(b), 29 U.S.C. § 1451(b).

25          The failure to make a withdrawal liability payment is treated in the same manner as a

26    delinquent contribution under ERISA section 515, 29 U.S.C. § 1145, which provides:

27          Every employer who is obligated to make contributions to a multi-employer
            plan under the terms of the plan or under the terms of a collectively
28          bargained agreement shall, to the extent not inconsistent with the law, make

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 4 -

Memorandum of Points and Authorities in Support of Motion to Enter Default Judgment (CV 08-1164 WHA)

1
2

such contributions in accordance with the terms and conditions of such plan or such agreement.

In an enforcement action, a plan is entitled to recover the amount of the unpaid contributions as

3

well as interest on the unpaid contributions and attorneys' fees and costs.  ERISA section

4

502(g)(2), 29 U.S.C. §1132(g)(2) provides:

5
6
7

In any action under this title by a fiduciary for or on behalf of a plan to enforce §515 in which a judgment in favor of the plan is awarded, the court shall award the plan—

8

(A)    the unpaid contributions,

9

(B)    interest on the unpaid contributions,[2]

10

(C)    an amount equal to the greater of

11

(i)    interest on the unpaid contributions, or

12

(ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent […]

13
14

(D)    reasonable attorney's fees and costs of the action, to be paid by the defendant, and

15

(E)    such other legal or equitable relief as the court deems appropriate.

16

Defendants accomplished a complete withdrawal from the Plan and are required, as a

17

matter of law, to make the withdrawal liability payments as specified by the Pension Fund.

18

Defendants have failed to contest the validity or amount of the withdrawal liability, and have failed

19

to make any withdrawal liability payments to the Pension Fund.  Accordingly, a default judgment

20

in favor of the Pension Fund and against Defendants jointly and severally should be entered.

21

## IV.    CONCLUSION

22

For the foregoing reasons, the Carpenters Pension Trust Fund for Northern California

23

respectfully requests the Court enter judgment against MGM's Cabinet Installation Services and

24

Michael Gordon Moxley, jointly and severally as follows:

25
26
27
28

---

[2]    "[T]he rate of prejudgment interest is the Treasury Bill rate as defined in 28 U.S.C. § 1961 unless the district court finds on substantial evidence that a different prejudgment interest rate is appropriate."  See *Blanton v. Anzalone (II)*, 813 F.2d 1574, 1576 (9th Cir.1987); *Blanton v. Anzalone (I)*, 760 F.2d 989, 992-93 (9th Cir.1985).  "[T]he applicable prejudgment interest rate is the one in effect immediately prior to the date of the wrongful conduct which caused a plaintiff's loss."  *Anzalone (I)*, 760 F.2d at 992-93.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

1.    In the amount of $172,045.00 as withdrawal liability obligations owed to the Carpenters Pension Trust Fund for Northern California;

2.    For accrued interest on the unpaid obligation in the amount of $18,890.54, calculated though June 30, 2010 (Perkins Decl., Ex. 4), pursuant to ERISA sections 502(g), 4219(c)(5), and 4301(b) and (e), 29 U.S.C. sections 1132(g)(2), 1399(c)(5) and 1451(b) and (e); and

3.    For reasonable attorneys' fees, costs and expenses in an amount to be established, pursuant to ERISA sections 502(g), 4219(c)(5), and 4301(b) and (e), 29 U.S.C. sections 1132(g)(2), 1399(c)(5) and 1451(b) and (e).

Dated:  June 3, 2008

WEINBERG, ROGER & ROSENFELD
A Professional Corporation


By:    /s/ Roberta D. Perkins
       BLYTHE MICKELSON
       ROBERTA D. PERKINS
       Attorneys for Plaintiff Carpenters Pension Trust
       Fund for Northern California

110397/494921

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 6 -
Memorandum of Points and Authorities in Support of Motion to Enter Default Judgment (CV 08-1164 WHA)

1

## CERTIFICATE OF SERVICE

2

3          I am a citizen of the United States and an employee in the County of Alameda, State of

4   California.  I am over the age of eighteen years and not a party to the within action; my business

5   address is 1001 Marina Village Parkway, Suite 200, Alameda, California 94501-1091.  On June 3,

6   2008, I served upon the following parties in this action:

7          Gordon Moxley, Individually and for
           MGM Cabinet Installation Services
8          919 Belmont Way
           Pinole, CA  94564

9

10  copies of the document(s) described as:

11          **MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF**
            **MOTION TO ENTER DEFAULT JUDGMENT**

12  **[X]    BY MAIL**  I placed a true copy of each document listed herein in a sealed envelope,
            addressed as indicated herein, and caused each such envelope, with postage thereon fully
13          prepaid, to be placed in the United States mail at Alameda, California. I am readily familiar
            with the practice of Weinberg, Roger & Rosenfeld for collection and processing of
14          correspondence for mailing, said practice being that in the ordinary course of business, mail
            is deposited in the United States Postal Service the same day as it is placed for collection.

15

16  **[ ]    BY PERSONAL SERVICE**  I placed a true copy of each document listed herein in a
            sealed envelope, addressed as indicated herein, and caused the same to be delivered by
            hand to the offices of each addressee.

17

18  **[ ]    BY OVERNIGHT DELIVERY SERVICE**  I placed a true copy of each document listed
            herein in a sealed envelope, addressed as indicated herein, and placed the same for
19          collection by Overnight Delivery Service by following the ordinary business practices of
            Weinberg, Roger & Rosenfeld, Alameda, California.  I am readily familiar with the practice
20          of Weinberg, Roger & Rosenfeld for collection and processing of Overnight Delivery
            Service correspondence, said practice being that in the ordinary course of business,
21          Overnight Delivery Service correspondence is deposited at the Overnight Delivery Service
            offices for next day delivery the same day as Overnight Delivery Service correspondence is
22          placed for collection.

23  **[ ]    BY FACSIMILE**  I caused to be transmitted each document listed herein via the fax
            number(s) listed above or on the attached service list.

24          I certify under penalty of perjury that the above is true and correct.  Executed at Alameda,

25  California, on June 3, 2008

26                                          /s/ Joanna Son
                                            Joanna Son

27

28

**WEINBERG, ROGER &**
**ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

Memorandum of Points and Authorities in Support of Motion to Enter Default Judgment (CV 08-1164 WHA)