1  BLYTHE MICKELSON, Bar No. 095506
   ROBERTA D. PERKINS, Bar No. 153074
2  WEINBERG, ROGER & ROSENFELD
   A Professional Corporation
3  1001 Marina Village Parkway, Suite 200
   Alameda, California 94501-1091
4  Telephone 510.337.1001
   Fax 510.337.1023
5

6  Attorneys for Plaintiff

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10 CARPENTERS PENSION TRUST FUND        ) No.    CV 08-1164 WHA
   FOR NORTHERN CALIFORNIA,             )
11                                      ) **DECLARATION OF COUNSEL IN**
              Plaintiff,                ) **SUPPORT OF MOTION TO ENTER**
12                                      ) **DEFAULT JUDGMENT**
        v.                              )
13                                      )
   MGM'S CABINET INSTALLATION           )
14 SERVICES and MICHAEL GORDON          )
   MOXLEY,                              )
15                                      )
              Defendants.               )
16

17      I, Roberta D. Perkins, declare as follows:

18      1.      I am an attorney admitted to practice before the Northern District of California. I am of counsel to Weinberg, Roger & Rosenfeld, counsel of record for the Carpenters Pension Trust Fund for Northern California ("Pension Fund"). The matters stated in this declaration are of my personal knowledge, and if called, I could and would so testify.

22      2.      Exhibit 1 attached hereto and incorporated herein by reference is a true and correct copy of the notice of withdrawal liability generated by the Pension Fund on or around March 8, 2005. The letter advises MGM's Cabinet Installation Service ("MGM's Cabinet") of the total amount of assessed withdrawal liability and its monthly payment options.

26      3.      Exhibit 2 attached hereto and incorporated herein by reference is a true and correct copy of MGM's Cabinet's response to the notice of withdrawal liability. Although arbitration was requested in the letter, MGM's Cabinet did not move the case forward to arbitration and did not

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

Declaration of Counsel in Support of Motion to Enter Default Judgment (CV 08 1164 WHA)

1 make the monthly installment payments beginning on June 1, 2005.

2     4. Exhibit 3 attached hereto and incorporated herein by reference is a true and correct copy of correspondence from this office to MGM's Cabinet and its owner, Michael Moxley sent on September 10, 2007.  Neither MGM's Cabinets nor Mr. Moxley made and payments in response to this letter.

    5. Exhibit 4 attached hereto and incorporated herein by reference is a true and correct copy of interest calculations prepared by Michele Accorsi, the firm's assistant controller, using the Excel program.  I provided Ms. Accorsi with the general installment payment information—sixty one monthly installments of $3,340 per month beginning on June 1, 2005, with the final payment of $1,491 due on July 1, 2010.  I obtained the applicable post-judgment interest rate from the Federal Reserve Board's website at http://www.federalreserve.gov/releases/H15/data/Daily/H15_FF_O.txt.  The website specifies the federal interest rate for each day of the year from July 1, 1954 through the present.  I used the interest rate in effect as of May 28, 2008.  I provided the rate to Ms. Accorsi who then calculated the interest through the duration of the installment payment plan.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on this 3rd day of June, 2008 at Alameda, California.

                                        /s/ Roberta D. Perkins

110397/494989

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 2 -

Declaration of Counsel in Support of Motion to Enter Default Judgment (CV 08 1164 WHA)

# CERTIFICATE OF SERVICE

I am a citizen of the United States and an employee in the County of Alameda, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 1001 Marina Village Parkway, Suite 200, Alameda, California 94501-1091. On June 3, 2008, I served upon the following parties in this action:

    Gordon Moxley, Individually and for
    MGM Cabinet Installation Services
    919 Belmont Way
    Pinole, CA  94564

copies of the document(s) described as:

**DECLARATION OF COUNSEL IN SUPPORT OF MOTION TO ENTER DEFAULT JUDGMENT**

[X] **BY MAIL**  I placed a true copy of each document listed herein in a sealed envelope, addressed as indicated herein, and caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Alameda, California. I am readily familiar with the practice of Weinberg, Roger & Rosenfeld for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

[ ] **BY PERSONAL SERVICE**  I placed a true copy of each document listed herein in a sealed envelope, addressed as indicated herein, and caused the same to be delivered by hand to the offices of each addressee.

[ ] **BY OVERNIGHT DELIVERY SERVICE**  I placed a true copy of each document listed herein in a sealed envelope, addressed as indicated herein, and placed the same for collection by Overnight Delivery Service by following the ordinary business practices of Weinberg, Roger & Rosenfeld, Alameda, California.  I am readily familiar with the practice of Weinberg, Roger & Rosenfeld for collection and processing of Overnight Delivery Service correspondence, said practice being that in the ordinary course of business, Overnight Delivery Service correspondence is deposited at the Overnight Delivery Service offices for next day delivery the same day as Overnight Delivery Service correspondence is placed for collection.

[ ] **BY FACSIMILE**  I caused to be transmitted each document listed herein via the fax number(s) listed above or on the attached service list.

I certify under penalty of perjury that the above is true and correct. Executed at Alameda, California, on June 3, 2008

                                        /s/ Joanna Son
                                        Joanna Son

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

**CARPENTER FUNDS ADMINISTRATIVE OFFICE
OF NORTHERN CALIFORNIA, INC.**

265 HEGENBERGER ROAD • SUITE 100 • OAKLAND, CALIFORNIA 94621
P.O. BOX 2280 • (510) 633-0333 • (888) 547-2054

March 8, 2005

**CERTIFIED - RETURN RECEIPT REQUESTED**

Michael G. Moxley
MGM Cabinet Installation
919 Delmont Way
Pinole, CA 94564

RE:   CARPENTERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA -
EMPLOYER WITHDRAWAL MGM CABINET INSTALLATION
ACCOUNT NO(S) 56255-92

Dear Mr. Moxley:

An amendment to the Employee Retirement Income Security Act of 1974 (ERISA), which is commonly known as the Multiemployer Pension Plan Amendments Act (MPPAA), imposes an obligation upon certain substantial employers who withdraw from participation in a Multiemployer Pension Plan subsequent to September 26, 1980, to pay a portion of the Plan's Unfunded Vested Liability. Your attention is directed to Sections 4201 et seq of the MPPAA which impose this liability and nothing stated in this letter is intended to or does increase or decrease the liability imposed upon MGM Cabinet Installation by the MPPAA.

The Pension Plan of the Carpenters Pension Trust Fund for Northern California is a Pension Plan which primarily covers employees in the building and construction industry. A withdrawal occurs if (a) the employer ceases to have an obligation to contribute under the Plan, and (b) the employer (I) continues to perform work in the jurisdiction of the collective bargaining agreement (ii) resumes such work within five years after the date on which the obligation to contribute under the Plan ceases, and does not renew the obligation at the time of resumption.

Our records indicate that MGM Cabinet Installation ceased to contribute to the Plan with respect to the work of employees covered by the plan and that on July 1, 2004 did reach impasse with the Carpenters 46 Northern California Counties, for and on behalf of its affiliates. Based on this information, the Board of Trustees of the Plan (Board) have determined that MGM Cabinet Installation has withdrawn from the Plan. If you dispute this determination kindly advise the Board in writing within 10 days from the date of this letter, submitting in support of such advice written evidence establishing that MGM Cabinet Installation has not withdrawn from the Plan.

A computation of MGM Cabinet Installation's withdrawal liability has been made by the Plan's actuaries according to methods provided in the MPPAA and implementing regulations and adopted by the Board. A summary of the actuaries calculations is contained in the attached exhibits. MGM Cabinet Installation's withdrawal liability is $172,045.

EXHIBIT 1

Health and Welfare / Pension / Vacation / Training / Annuity / Industry Advancement

Michael G. Moxley
Re: MGM Cabinet Installation
March 8, 2005

Page Two

For purposes of the computation the actuaries determined the Plan's Unfunded Vested Liability as of the Plan Year immediately preceding the date of MGM Cabinet Installation's withdrawal, August 31, 2003. Certain income and experience assumptions have been adopted by the Board upon the actuaries recommendations and used in the compilations. The Pension Benefit Guaranty Corporation may issue regulations requiring different assumptions which may have the effect of increasing or decreasing MGM Cabinet Installation's liability. In such event, MGM Cabinet Installation's liability with be adjusted accordingly.

The Board may determine, on the basis of an audit or information subsequently submitted to it, that MGM Cabinet Installation or a related or controlled entity has made or should have made contributions in addition to those shown in the exhibits and used in the actuaries computations. It may also be necessary to reallocate to MGM Cabinet Installation's account a portion of the unfunded liability of withdrawing employers which is either uncollectible or unassigned under the provisions of the MPPAA. This would increase the liability specified herein, and MGM Cabinet Installation would be required to pay the increased amount.

Demand is hereby made for the payment of the above-specified amount of MGM Cabinet Installation's withdrawal liability plus any increase in such amount required by the MPPAA. MGM Cabinet Installation may pay the specified amount in a lump sum within 60 days after receipt of this letter.

Should MGM Cabinet Installation choose not to pay the amount demanded in a lump sum, MGM Cabinet Installation may pay such amount in accordance with a schedule established by the Board pursuant to the MPPAA. Under that schedule MGM Cabinet Installation's payment will be $172,045, payable in 61 installments of $3,340 commencing June 1, 2005. The final payment of $1,491 will be on July 1, 2010. Increased or decreased installments may be required by government regulations or by other factors such as those indicated above.

The MPPAA provides for substantial interest and liquidated damage charges when withdrawal liability payments are not made on time. The rate of interest is established by the Board for all delinquent obligations to the Fund and may be changed by the Board from time to time.

The amount of liquidated damages is established by the Trust Agreement and is currently $20 per delinquency or 10% of the amount due, whichever is greater. **There is no prepayment penalty.** If you fail to pay any monthly installment plus interest within 60 days after receiving written notice from the Plan that payment of the installment is delinquent, the Board may require immediate payment of the entire liability plus accrued interest.

If the Plan is required to sue to collect the delinquency, the court may award all or a portion of the costs incurred in the action, including reasonable attorneys fees to the prevailing party.

**Within 90 days from receipt of this notice, you may:**

    (1)    ask the Board to review any specific matter relating to the determination of your liability and the schedule of payments;

    (2)    identify any inaccuracy in the determination of the amount of the unfunded vested benefits allocable to you; and,

    (3)    furnish any additional relevant information to the Board.

EXHIBIT 1

Michael G. Moxley
Re: MGM Cabinet Installation
March 8, 2005

Page Three

Not withstanding any such request, you must pay the amount of your withdrawal liability in accordance with the foregoing instructions beginning no later than 60 days after receipt of this letter. Your failure to make such payments would result in default and the acceleration of all payments as stated above.

After a reasonable review of any matter raised by MGM Cabinet Installation, the Board will notify you of (I) the Board's decision (ii) the basis for its decision, and (iii) the reason for any change in the determination of your liability or the schedule of liability payments. Any dispute between MGM Cabinet Installation and the Board concerning a determination made pursuant to the MPPAA shall be resolved through arbitration. Either MGM Cabinet Installation or the Board may initiate such arbitration proceedings within 60 days after the earlier of the date of the Board's notice to MGM Cabinet Installation of its decision or 120 days after MGM Cabinet Installation's request for such determination. MGM Cabinet Installation and the Board may jointly initiate arbitration proceedings within 180 days after the demand made by this letter.

This letter is intended to provide MGM Cabinet Installation with notice of their withdrawal liability and payment obligations and to demand payment of such obligations as required by the MPPAA.

This letter is not to be construed as limiting the right of the Plan to enforce whatever additional liabilities may be imposed upon MGM Cabinet Installation by the MPPAA or other provisions of the law.

Very truly yours,
BOARD OF TRUSTEES

David E. Leback
Director of Finance

DEL:jlh
Enclosures

cc:   Chairman and Co-Chairman,
      Joint Delinquency Committee

EXHIBIT 1

```
RFMCP1              CFAO EMPLOYER MASTER FILE GENERAL INFORMATION        JLH 03/08/05
CPB1013                                                                      07:54:15
                                                    --STATUS--     --- L I N K ---
  ER ACCT NO.     ER NAME & BILLING ADDRESS         CD   DATE      EFF DATE  TYP RL
  056255 056255  M G M  CABINETS INSTALLATION       C  07 01 04   01 14 99   MA   1
             AD1 P O B 406                                          TELEPHONE
             AD2                          CONTACT PERSON          AREA   NUMBER
  CTY PINOLE        STE CA ZIP 94564       HELEN                   510 7418696
  MSTR ACCT  COUNTY: CONTRA COSTA                     FAX NO.==> 510 7415554
  CONTRACTOR ------------------ A G R E E M E N T    D A T A -------------------
  LICENSE    LICENSE    AGR SUP MSC MS2  SIGNER              POS EFF DATE  END DATE
  0602439    0602439    099 000 000 000  MICHAEL G MOXLEY     A1 01 01 99  00 00 00
                    UNION SIGNER==>  D W THACKER
  ER    START     AREA    IRS         LIQ  BILL -------- REPORTING HISTORY --------
  TYPE  HIRE DATE  CD    TAX ID       DMG  SEQ   M  A  M  J  J  A  S  O  N  D  J  F
   C    01 01 99   92   000000000      Y    A    6  6

  INVOICE      ENFORCEMENT      A U D I T      L E G A L    FLD AGT= MICHAEL PLOMMER
  CD  DATE       CD  DATE       CD  DATE       CD  DATE       POSSIBLE ASSOCIATED ACCTS
      08 11 04       00 00 00   B   10 27 04   B   04 01 04     000000  000000  000000
  --------------------------------------------------------------------------------
  * THIS EMPLOYER HAS NOTES *                              AUDIT STAMP
  * PRESS THE PF13 KEY TO VIEW NOTES *                 12/29/04 16.03.59 LBC2 DEL
    PF7/8=BWD/FWD      PF11=CODES       PF13=NOTES       PF12=MENU    CLEAR=EOJ
```

EXHIBIT 1

Carpenters Pension Trust Fund of Northern California

Exhibit I

MGM CABINET INSTALLATION
(Account Number 56255)

A. Summary of Withdrawal Liability Calculation

1. Termination Date     12/ 1/2003

2. Total Contributions of Employer for 5-Fiscal Year Period:

| | | |
|---|---|---:|
| a) | Ended 8/31/1994 | 0. |
| b) | Ended 8/31/1995 | 0. |
| c) | Ended 8/31/1996 | 0. |
| d) | Ended 8/31/1997 | 0. |
| e) | Ended 8/31/1998 | 0. |
| f) | Ended 8/31/1999 | 6693. |
| g) | Ended 8/31/2000 | 22761. |
| h) | Ended 8/31/2001 | 64962. |
| i) | Ended 8/31/2002 | 96688. |
| j) | Ended 8/31/2003 | 113687. |

3. Total Contributions of all Participating Employers for 5-Fiscal Year Period:

| | | |
|---|---|---:|
| a) | Ended 8/31/1994 | 67238978. |
| b) | Ended 8/31/1995 | 83877248. |
| c) | Ended 8/31/1996 | 97634345. |
| d) | Ended 8/31/1997 | 103101331. |
| e) | Ended 8/31/1998 | 144709974. |
| f) | Ended 8/31/1999 | 191402935. |
| g) | Ended 8/31/2000 | 216549035. |
| h) | Ended 8/31/2001 | 264707111. |
| i) | Ended 8/31/2002 | 315976049. |
| j) | Ended 8/31/2003 | 344203965. |

4. Contributions as a Percentage of Total Contributions for 5-Fiscal Year Period:

| | | |
|---|---|---:|
| a) | Ended 8/31/1994 | 0.000000% |
| b) | Ended 8/31/1995 | 0.000000% |
| c) | Ended 8/31/1996 | 0.000000% |
| d) | Ended 8/31/1997 | 0.000000% |
| e) | Ended 8/31/1998 | 0.000000% |
| f) | Ended 8/31/1999 | 0.000000% |
| g) | Ended 8/31/2000 | 0.003497% |
| h) | Ended 8/31/2001 | 0.010511% |
| i) | Ended 8/31/2002 | 0.024541% |
| j) | Ended 8/31/2003 | 0.030600% |
| | | 0.033029% |

5. Breakdown of Withdrawal Liability ( 551754700.) as of 8/31/2003

    a) Remaining Pre-merger Liability     109109300.

    b) For Plan Year ended 8/31/1994

EXHIBIT 1

      1) Reallocated Noncollectibles     216300.
      2) Change for the Plan Year     -4849000.

  c) For Plan Year ended  8/31/1995

      1) Reallocated Noncollectibles     206200.
      2) Change for the Plan Year     31319300.

  d) For Plan Year ended  8/31/1996

      1) Reallocated Noncollectibles     0.
      2) Change for the Plan Year     -12803800.

  e) For Plan Year ended  8/31/1997

      1) Reallocated Noncollectibles     66000.
      2) Change for the Plan Year     -101045900.

  f) For Plan Year ended  8/31/1998

      1) Reallocated Noncollectibles     155800.
      2) Change for the Plan Year     -32427900.

  g) For Plan Year ended  8/31/1999

      1) Reallocated Noncollectibles     0.
      2) Change for the Plan Year     0.

  h) For Plan Year ended  8/31/2000

      1) Reallocated Noncollectibles     0.
      2) Change for the Plan Year     0.

  i) For Plan Year ended  8/31/2001

      1) Reallocated Noncollectibles     0.
      2) Change for the Plan Year     23888400.

  j) For Plan Year ended  8/31/2002

      1) Reallocated Noncollectibles     0.
      2) Change for the Plan Year     481627200.

  k) For Plan Year ended  8/31/2003

      1) Reallocated Noncollectibles     0.
      2) Change for the Plan Year     56937100.

6. Pre-merger Liability on 8/31/1993     0.

7. Pre-merger Liability on 8/31/2003     0.

8. Post-merger Withdrawal Liability     172045.

9. Total Withdrawal Liability before De Minimis     172045.

10. De Minimis Amount     0.

11. Net Withdrawal Liability     172045.

EXHIBIT 1

B. Calculation of Required Annual Payments

    1. Average Annual Contribution Base (Hours)    14064.

    2. Highest Contribution Rate Prior to Withdrawal    2.85

    3. Required Annual Payment = (1) x (2)    40081.

C. Payment Schedule

    3340. per Month    for  61 Months    Plus a Final Payment of    1491.

EXHIBIT 1

**LITTLER MENDELSON®**
A PROFESSIONAL CORPORATION

ARIZONA

CALIFORNIA

May 27, 2005

Nancy L. Ober
Direct: 415.677.3127
Direct Fax: 415.399.8447
nlober@littler.com

COLORADO

DISTRICT OF COLUMBIA

**BY CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

David E. Leback
Director of Finance
Carpenter Funds Administrative Office of Northern California, Inc.
265 Hegenberger Road, Suite 100
Oakland, CA 94621

GEORGIA

ILLINOIS

Re: MGM's Cabinet Installation Service – Pension Plan of the Carpenters Pension Trust Fund For Northern California – Request for Review and Arbitration of Withdrawal Liability Assessment

Dear Mr. Leback:

MINNESOTA

This is a response on behalf of MGM's Cabinet Installation Service to your letter dated March 8, 2005, notifying MGM that the Pension Plan of the Carpenters Pension Trust Fund for Northern California ("Plan") has assessed pension withdrawal liability in the amount of $172,045 based upon MGM's alleged withdrawal from the Plan effective August 31, 2003. MGM disputes the Plan's withdrawal liability notice and assessment.

NEVADA

The purpose of this letter is to request review of the Trust's determination of withdrawal liability pursuant to ERISA Section 4219. In addition, pursuant to ERISA Section 4221 MGM hereby requests arbitration of the Plan's determination of withdrawal liability, the Plan's determination of the date of withdrawal, the determination of MGM's allocated share of unfunded vested benefits, the actuarial assumptions and methods used in calculating withdrawal liability, and each and every other determination made by the Plan under ERISA Sections 4201 through 4219. However, the time for said arbitration shall not commence until after exhaustion of the review process pursuant to ERISA Section 4219.

NEW JERSEY

NEW YORK

OHIO

By this letter we are asking the Board of Trustees to review the basis of the Plan's determination that MGM has incurred a withdrawal from the Plan, its determination of the date of withdrawal and its determination of the amount of withdrawal liability. We are also furnishing certain information relevant to the Plan's review.

PENNSYLVANIA

MGM is a sole proprietorship, specializing in residential kitchen remodeling. For a period of time between July 1998 and June 30, 2004, MGM was signatory to a prehire (Section 8(f)) agreement with the Carpenters Union. MGM signed the prehire agreement in order to be

TEXAS

**EXHIBIT 2**

WASHINGTON

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM™
650 California Street, 20th Floor, San Francisco, California 94108.2693 Tel: 415.433.1940 Fax: 415.399.8490 www.littler.com

David E. Leback
May 27, 2005
Page 2

able to perform carpentry work on large commercial projects in San Francisco. The prehire agreement expired as of June 30, 2004, without the Union ever attaining majority status. When MGM did not agree to extend the contract, the Union filed an unfair labor practice charge with the National Labor Relations Board, alleging that MGM had violated Sections 8(a)(1) and (5) of the National Labor Relations Act by refusing to bargain with the Union as the recognized collective bargaining representative of a majority of MGM's employees. On December 21, 2004 Region 32 of the NLRB dismissed the charge, finding that the contract was a Section 8(f) prehire contract and that MGM was not required to bargain over a successor contract.

A withdrawal from a multiemployer plan that primarily covers employees in the building and construction industry only occurs if the employer *both* ceases to have an obligation to contribute under the plan, and either (i) continues to perform work in the jurisdiction of the collective bargaining agreement *of the type for which contributions were previously required,* or (ii) resumes such work within five years without renewing the obligation to contribute to the plan. ERISA §4203(b)(2)

Here, no withdrawal occurred. While it was working on commercial projects, MGM had employed journeyman carpenters. By the time the Union agreement expired and was not renewed, and when Region 32 dismissed the Union unfair labor practice charge, MGM no longer employed any carpenters and had no plans to hire any, as Region 32 expressly found. MGM was *not* continuing to perform work in the jurisdiction of the collective bargaining agreement. The only person performing any carpentry work was Michael Moxley, the owner/sole proprietor. Contributions to the Plan have never been paid or required for Mr. Moxley.

Further, since the expiration of the prehire agreement, MGM has not resumed work of the type for which contributions were previously required, namely, carpentry work on commercial projects. MGM's sole business since last June has been residential kitchen work. At times over this Spring (2005) MGM has employed up to two carpenters to assist Mr. Moxley on residential kitchen renovations. This is not work of the type for which MGM previously contributed or was obligated to contribute to the Plan.

It appears that the Plan has assessed withdrawal liability solely because MGM did not extend the agreement with the Union. That is not a sufficient basis for withdrawal liability.

We also dispute, and request review of the Plan's determination of the date of withdrawal. The schedule attached to your letter (Exhibit I) shows a "Termination Date" of 12/1/2003. The withdrawal liability calculations that follow indicate that withdrawal liability was calculated as of 8/31/2003, the end of the previous plan year. The Termination Date is incorrect, and presumably was intended to refer to December 21, 2004, the date that the NLRB determined that MGM was not under an obligation to bargain with the Union. With a

EXHIBIT 2

David E. Leback
May 27, 2005
Page 3

December 21, 2004 Termination Date, any withdrawal liability would have to be determined based on the Plan's funding as of August 31, *2004*, not 2003. Accordingly, the Plan must recalculate any purported withdrawal liability based on the Plan's funding as of August 31, 2004.

We are unable to follow the Plan's determination of the amount of the purported withdrawal liability from Exhibit I. There are several apparent errors. MGM's percentage share of total employer contributions for the five-year period during which it was a contributor appears to be overstated. For example, for the year ended 8/31/1999, MGM contributed $6,693, and all employers combined contributed $191,402,935. Yet MGM's contributions as a percentage of total contributions for that year are shown as 0.003497%, which if correct would mean that MGM's contributions for that year totaled $669,336 – one hundred times the actual amount.

Even using the apparently overstated contribution percentages for MGM shown on the schedule, it appears that MGM's share of any purported withdrawal liability should have been substantially less than the $172,045 assessed.

Exhibit I shows that for two of the plan years in question, ending in 1999 and 2000, the Plan had no unfunded vested benefits. In 2001 there was unfunded liability of $23,880,400. The following year, 2002, the amount jumped up to $481,627,200, and at August 31, 2003 it was $56,937,100. Please explain the basis of these changes in the Plan's unfunded liability position.

Will you please submit this request for review to the Trustees for their prompt consideration.

Meanwhile, please furnish copies of the actuarial reports and financial statements on which the Plan's determination of withdrawal liability is based, including the actuarial methods and assumptions used, as well as the contribution reports and other evidence of MGM's actual contributions to the Plan. Please also provide a copy of the Plan's procedures for determination of withdrawal liability, and any other documents relevant to your assessment of withdrawal liability. Please also provide the Plan's unfunded liabilities status as of August 31, 2004, as well as the total contributions of all employers and MGM's contributions for the plan year ended August 31, 2004.

EXHIBIT 2

David E. Leback
May 27, 2005
Page 4

MGM reserves the right to assert additional objections and grounds for review pursuant to ERISA Section 4219 after it receives and has had a chance to review the information and documents requested herein.

Very truly yours,

Nancy L. Ober
NLO/bkk

cc: MGM's Cabinet Installation Service

Firmwide:80028257.1 048812.1003

EXHIBIT 2

STEWART WEINBERG
DAVID A. ROSENFELD
WILLIAM A. SOKOL
VINCENT A. HARRINGTON, JR.
W. DANIEL BOONE
BLYTHE MICKELSON
BARRY E. HINKLE
JAMES RUTKOWSKI •
SANDRA RAE BENSON
CHRISTIAN L. RAISNER
JAMES J. WESSER
THEODORE FRANKLIN
ANTONIO RUIZ
MATTHEW J. GAUGER
ASHLEY K. IKEDA ••
LINDA BALDWIN JONES
PATRICIA A. DAVIS
ALAN G. CROWLEY
J. FELIX DE LA TORRE
KRISTINA L. HILLMAN •••
ANDREA LAIACONA
EMILY P. RICH

LORI K. AQUINO ••
ANNE I. YEN
NICOLE M. PHILLIPS
BRUCE A. HARLAND
CONCEPCIÓN E. LOZANO-BATISTA
CAREN P. SENCER
LINELLE S. MOGADO
MANJARI CHAWLA
KRISTINA M. ZINNEN
JANNAH V. MANANSALA
MANUEL A. BOIGUES ••••

PATRICIA M. GATES, Of Counsel
ROBERTA D. PERKINS, Of Counsel

• Also admitted in Arizona
•• Admitted in Hawaii
••• Also admitted in Nevada
•••• Also admitted in Illinois

**WEINBERG, ROGER & ROSENFELD**
A PROFESSIONAL CORPORATION

1001 Marina Village Parkway, Suite 200
Alameda, CA 94501-1091
TELEPHONE 510.337.1001
FAX 510.337.1023

September 10, 2007

*Via Certified Mail (Return Receipt Requested)*

Michael Moxley
MGM Cabinet Installation Services, Inc.
Post Office Box 406
Pinole, CA 94564

Re:  Withdrawal Liability Assessment
     Carpenters Pension Trust Fund for Northern California

Dear Mr. Moxley:

This office represents the Carpenters Pension Trust Fund for Northern California, who has asked us to handle the above referenced matter. On March 8, 2005, MGM Cabinet Installation was advised of its withdrawal liability to the Pension Plan for the Carpenters Pension Trust Fund for Northern California in the amount of $172,045.00. The Carpenters Pension Trust Fund has received no payment from MGM Cabinet Installation pursuant to the prior notice.

The Carpenters Pension Trust Fund has elected to require immediate payment of the entire liability plus accrued interest, and demand is hereby made for payment in the sum of $219,923.45, consisting of $172,045.00 principal and $47,878.45 interest calculated at the rate of 10% per year through September 30, 2007. Thereafter, interest will continue to accrue at the rate of $57.034 per day until paid in full. Please remit full payment to the Carpenters Pension Trust Fund immediately.

We have been in contact with your former attorney, Nancy Ober, of the Littler Mendelson office, who advises that the firm no longer represents your company. Enclosed for your records is a copy of correspondence we sent to Ms. Ober regarding this matter.

The Trust Fund expects MGM Cabinet Installation Service to pay the withdrawal liability assessment in full by the end of September 2007. If payment is not received, or other

LOS ANGELES OFFICE
3435 Wilshire Boulevard, Suite 620
Los Angeles, CA 90010-1907
TEL 213.380.2344 FAX 213.381.1088

SACRAMENTO OFFICE
428 J Street, Suite 520
Sacramento, CA 95814-2341
TEL 916.443.6600 FAX 916.442.0244

HONOLULU OFFICE
1099 Alakea Street, Suite 1602
Honolulu, HI 96813-4500
TEL 808.528.8880 FAX 808.528.8881

EXHIBIT 3

September 10 2007
Michael Moxley
Page 2

arrangements made for installment payments, the Trust Fund has authorized this office to take action to collect the amounts owed.

Sincerely,

Roberta D. Perkins

RDP/jys

Enclosure

cc:   Gene Price
      David Leback
      Blythe Mickelson

110397/468886

EXHIBIT 3

STEWART WEINBERG
DAVID A. ROSENFELD
WILLIAM A. SOKOL
VINCENT A. HARRINGTON, JR.
W. DANIEL BOONE
BLYTHE MICKELSON
BARRY E. HINKLE
JAMES RUTKOWSKI •
SANDRA RAE BENSON
CHRISTIAN L. RAISNER
JAMES J. WESSER
THEODORE FRANKLIN
ANTONIO RUIZ
MATTHEW J. GAUGER
ASHLEY K. IKEDA ••
LINDA BALDWIN JONES
PATRICIA A. DAVIS
ALAN G. CROWLEY
J. FELIX DE LA TORRE
KRISTINA L. HILLMAN •••
ANDREA LAIACONA
EMILY P. RICH

LORI K. AQUINO ••
ANNE I. YEN
NICOLE M. PHILLIPS
BROOKE D. PIERMAN •••
BRUCE A. HARLAND
CONCEPCIÓN E. LOZANO-BATISTA
CAREN P. SENCER
LINELLE S. MOGADO
MANJARI CHAWLA
KRISTINA M. ZINNEN

PATRICIA M. GATES, Of Counsel
ROBERTA D. PERKINS, Of Counsel
JOHN PLOTZ, Of Counsel

• Also admitted in Arizona
•• Admitted in Hawaii
••• Also admitted in Nevada

**WEINBERG, ROGER & ROSENFELD**
A PROFESSIONAL CORPORATION

1001 Marina Village Parkway, Suite 200
Alameda, CA 94501-1091
TELEPHONE 510.337.1001
FAX 510.337.1023

July 26, 2007

*Via Facsimile and Certified Mail (Return Receipt Requested)*

Nancy L. Ober
Littler Mendelson
650 California Street, 20th Floor
San Francisco, CA 94108

Re:   Withdrawal Liability Assessment—MGM Cabinet Installation Service
      Carpenters Pension Trust Fund for Northern California

Dear Ms. Ober:

This office represents the Carpenters Pension Trust Fund for Northern California, who has asked us to handle the above referenced matter. On March 8, 2005, MGM Cabinet Installation was advised of its withdrawal liability to the Pension Plan for the Carpenters Pension Trust Fund for Northern California in the amount of $172,045. A copy of that notice is enclosed. The Carpenters Pension Trust Fund has received no payment from MGM Cabinet Installation pursuant to the prior notice.

The Carpenters Pension Trust Fund has elected to require immediate payment of the entire liability plus accrued interest, and demand is hereby made for payment in the sum of $216,444.38, consisting of $172,045 principal and $44,399.38 interest calculated at the rate of 10% per year through July 31, 2007. Thereafter, interest will continue to accrue at the rate of $57.034 per day until paid in full.

Please remit full payment to the Carpenters Pension Trust Fund immediately. As you are aware, ERISA §§ 4219(c)(2) and 4221(d), 29 U.S.C. §§ 1399(c)(2) and 1401(d) require withdrawal liability payments to be made notwithstanding a request for review or arbitration.

MGM Cabinet Installation claims that since the expiration of the prehire agreement on June 30, 2004, it has not resumed work of the type for which contributions were previously required, i.e., carpentry work on commercial projects. MGM asserts that MGM's sole business since June 2004 has been residential kitchen work. MGM Cabinet contends that residential work is "not work of the type for which MGM previously contributed or was obligated to contribute to the Plan." Because the Carpenters Master Agreement covers residential construction, MGM was

LOS ANGELES OFFICE
3435 Wilshire Boulevard, Suite 620
Los Angeles, CA 90010-1907
TEL 213.380.2344 FAX 213.381.1088

SACRAMENTO OFFICE
428 J Street, Suite 520
Sacramento, CA 95814-2341
TEL 916.443.6600 FAX 916.442.0244

HONOLULU OFFICE
1099 Alakea Street, Suite 1602
Honolulu, HI 96813-4500
TEL 808.528.8880 FAX 808.528.8881

EXHIBIT 3

July 26, 2007
Nancy L. Ober
Page 2

obligated to contribute to the Plan for residential work. Enclosed is the Residential Addendum, Addendum C, to the Carpenters Master Agreement for Northern California effective June 3, 2003 through June 30, 2008.

In the request for review and arbitration, you posed certain questions. Based on information provided by the Trust Fund and its actuary, the responses are as follows:

**Question:** We are unable to follow the Plan's determination of the amount of the purported withdrawal liability from Exhibit I.

**Response:** The calculations in Exhibit I are correct. MGM's contributions for the year ended August 31, 1999 were $6,693, and all employers combined contributions were $191,402,935. MGM's contributions as a percentage of that total equal 0.003497%, or 0.00003497. 6,693/191,402,935 = 0.00003497, or 0.003497%.

**Question:** Please explain the basis of the changes in the Plan's unfunded liability position.

**Response:** Unfunded Vested Benefits ("UVB")—Variable discount rate used to determine liabilities up to Market Value of Assets ("MVA").

| Year | UVB |
|---|---|
| 1999 | 0 |
| 2000 | 0 |
| 2001 | $26,543,638. PBGC adjusted rate of 7.15% for 20 years and 7.0% thereafter |
| 2002 | $524,209,187. PBGC adjusted rate of 6.25% for 25 years and 5.0% thereafter |
| 2003 | $551,754,725. PBGC adjusted rate of 5.40% for 20 years and 6.25% thereafter |

The increase in the UVB was the combined effect of investment performance under the assumed rate of return (-7.39% for the year ending August 31, 2001; -6.73% for the year ending August 31, 2002; and 6.36% for the year ending August 31, 2003) combined with the lower discount rate used in the liability determination.

The calculation of withdrawal liability shown in line 8 of Exhibit I is as follows:

| | |
|---|---|
| 4.h. (.024541%) times 5.i.2 ( 23,888,400) = | 5,862 |
| 4.i. (.030600%) times 5.j.2 (481,627,200) = | 147,378 |
| 4.j. (.033029%) times 5.k.2 ( 56,937,100) = | 18,805 |
| TOTAL | 172,045 |

MGM Cabinet disputes the Plan's determination of the date of withdrawal and notes that the termination date of December 1, 2003 in the schedule (Exhibit I) attached to the Trust Fund's letter is incorrect. MGM Cabinets contends withdrawal liability should be calculated from

EXHIBIT 3

July 26, 2007
Nancy L. Ober
Page 3

December 21, 2004, the date that the NLRB determined MGM was not under an obligation to bargain with the Union.

The Trust Fund respectfully disagrees and contends that withdrawal occurred on July 1, 2004, when the agreement was not extended, the employer refused to bargain, and an impasse was reached in negotiations. When withdrawal occurs during a plan year, liability is calculated based on the end of the preceding plan year. Because withdrawal occurred on July 1, 2004, the calculation of MGM Cabinet's liability is based on the plan year beginning September 1, 2002 and ending on August 31, 2003. Even if withdrawal occurred on December 1, 2003—and the Trust Fund is not contending that is the date of withdrawal—the liability calculations would still be based on the plan year ending August 31, 2003.

We trust this information fully responds to your questions pertaining to the Trust Fund's claim for withdrawal liability. However, should you need additional information, please feel free to contact me.

MGM Cabinet has requested arbitration of the following issues: 1—The Plan's determination of withdrawal liability; 2—the Plan's determination of the date of withdrawal; 3—the determination of MGM's allocated share of unfunded vested benefits; 4—the actuarial assumptions and methods used in calculating withdrawal liability; and 5—each and every other determination made by the Plan under ERISA Sections 4201 through 4219. Of the arbitrators specified in the plan documents, the Trust Fund proposes either Gerald McKay or Robert Hirsch. Please advise us as soon as possible of your selection.

Sincerely,

Roberta D. Perkins

RDP/jys

Enclosures

cc:  Gene Price
     David Leback
     Blythe Mickelson

110397/459322

EXHIBIT 3

Northern California Carpenters Pension Trust Fund
MGM's Cabinet Installation Service
Withdrawal Liability
**CRTNCAP-110397**

Total Owed:   $172,045.00
Period:       6/1/05 - 7/1/10
Interest:     2.16%

| Period | Total Amount | Interest Rate | Annual Interest | Interest for the Period |
|---|---|---|---|---|
| 6/1 - 12/31/05 | 172,045.00 | 2.16% | $3,716.17 | $2,167.77 |
| 2006 | 172,045.00 | 2.16% | $3,716.17 | $3,716.17 |
| 2007 | 172,045.00 | 2.16% | $3,716.17 | $3,716.17 |
| 2008 | 172,045.00 | 2.16% | $3,716.17 | $3,716.17 |
| 2009 | 172,045.00 | 2.16% | $3,716.17 | $3,716.17 |
| 1/1 - 6/30/10 | 172,045.00 | 2.16% | $3,716.17 | $1,858.09 |

**Total Interest:**   $18,890.54

EXHIBIT 4