MGM'S CABINET INSTALLATION SERVICE
MICHAEL MOXLEY
P.O. Box 406
Pinole, CA 94564
Telephone    (510) 741-8695
Facsimile:   (510) 741-5554
Email:       mgmoxley@earthlink.net



FILED
08 JUL 21 PM 1:12
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| CARPENTERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA,<br><br>Plaintiff,<br><br>v.<br><br>MGM'S CABINET INSTALLATION SERVICES AND MICHAEL GORDON MOXLEY,<br><br>Defendants. | Case No. CV 08-1164 WHA<br><br>**OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>Date:       July 24, 2008<br>Time:       8:00 a.m.<br>Courtroom:  9, 19th Floor<br>Hon. William H. Alsup |
|---|---|

MGM's Cabinet Installation Services and Michael G. Moxley oppose the Carpenters Pension Trust Fund's motion for default judgment.

1.   I, Michael G. Moxley, am the sole proprietor of MGM's Cabinet Installation Services, located in Pinole, California. I am requesting the Court not to enter a default judgment against MGM. I believe MGM has good defenses to this lawsuit, and I ask for an opportunity to present them to the Court.

2.   My business is primarily kitchen remodeling. In the late 1990's to be able to work on a few commercial projects in San Francisco, I signed a prehire agreement with the Carpenters Union. The agreement was in effect between July 1998 and June 2004. I did not agree to extend the contract in 2004 because I was no longer working on commercial projects and no longer employed any carpenters. The Union filed an unfair labor practice charge against me over the termination. In December 2004 the National Labor Relations Board ruled in my

favor that the contract was properly terminated. In March 2005 right after the NLRB ruling I received the Trust Fund's letter claiming MGM owed over $172,000 in pension withdrawal liability.

3. I sent a response to the withdrawal liability claim asking the Trustees to review their assessment and their calculations. I asked for arbitration if the Trustees disagreed with my objections. I also asked for the Trust's arbitration procedures. The Trust Fund did not respond to my letter for over two years. In July 2007 they sent a letter disagreeing with the objections I made and demanding payment. They mentioned a couple of arbitrators they were willing to use. They said these names were from a list but they have never provided me with the list or any arbitration procedures. I believe that my case should go to arbitration instead of court. I understand there are regulations saying that MGM is not required to pay installment payments of withdrawal liability before the arbitration is over.

4. I did not respond to the Complaint because I was trying to settle the Trust Fund claims against MGM, which I cannot afford to pay and do not think I owe. For the past four years I have been working by myself in the residential arena. In April I asked for a meeting with the Trust Fund representatives to see if we could work out a compromise but they refused to meet. Just as in the Complaint they demanded immediate payment of the whole amount. I tried to sign up with the Union again so that I could work on commercial jobs again and because I believed that the Trustees might be willing to discuss a compromise if I got back into the Union. On July 3, 2008 Bill Feyling the Union President refused to let me sign up again.

5. I believe I should be allowed to have an arbitrator review my case. I am still willing to talk with the Trust Fund about a settlement. I am trying to keep my business going and have no way to pay a judgment against me.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 21, 2008

MICHAEL MOXLEY

2.