MGM'S CABINET INSTALLATION SERVICE
MICHAEL G. MOXLEY
P.O. Box 406
Pinole, CA 94564
Telephone  (510) 741-8695
Facsimile:  (510) 741-5554
Email:   mgm@mgmoxley.com

FILED

08 AUG -7 AM 11: 33

[U.S. DISTRICT COURT stamp]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CARPENTERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA,<br><br>Plaintiff,<br><br>v.<br><br>MGM'S CABINET INSTALLATION SERVICES AND MICHAEL GORDON MOXLEY,<br><br>Defendants. | Case No. CV 08-1164 WHA<br><br>**OPPOSITION TO MOTION FOR DEFAULT JUDGMENT AND ISSUES FOR ARBITRATION** |

1. I, Michael G. Moxley, am the owner of MGM's Cabinet Installation Service. I am a former U.S. Marine, a taxpayer and the father of three girls. I participate in community organizations in Pinole, including the gang awareness task force sponsored by the Police Department. I am a sponsor of Big Brothers and Big Sisters, and a member of the Chamber of Commerce.

2. I apologize to the Court for not filing a timely response to the complaint and ask the Court to excuse my failure. There are several reasons why I did not respond as I should have. I had no money for legal costs. I was going through a divorce and trying to keep my business going in a bad market. Last summer I was quite surprised to hear from the Trust again after over two years of silence. After I got the complaint I tried talking to the Trust and the Union about resolving this case because I can't pay the liability. I was told by several Bus. Agents w/ Carpenters Union that if I re-signed the Carpenters Master Agreement they would forgive this

debt. I tried to re-sign, but on July 3, 2009 Northern California Carpenters Union President Bill Feyling refused to allow me to re-sign.

3.  A default judgment should not be granted against me because MGM's has meritorious defenses to withdrawal liability. These defenses should be arbitrated. I asked for arbitration when the Trust notified me of the withdrawal liability assessment. My request for arbitration was timely.

4.  My first defense is that there was no withdrawal and MGM's does not owe withdrawal liability. In the construction industry there is only a withdrawal if the employer terminates the union contract and keeps doing the same work it was previously required to make contributions for. MGM's had a pre-hire agreement with the Carpenters Union starting in 1998 when I began working on commercial jobs and was busy enough to employ journeyman carpenters to assist me. I made contributions to the Trust for the carpenters I employed on those jobs. I stopped doing commercial work and employing carpenters in May 2004 when my business took a downturn. I did not renew the contract with the Carpenters Union when it expired in June 2004. The Union filed an unfair labor practice charge with the National Labor Relations Board, claiming I was illegally refusing to bargain. The National Labor Relations Board ruled in my favor in December 2004 that MGM's was no longer doing covered work. Shortly after that ruling I got the bill from the Trust for withdrawal liability, which I think was an attempt to force me to re-sign with the Union.

5.  From May 2004 to April 2008 I only worked on small residential kitchen renovation jobs doing the installation myself. MGM's did not do residential work when it had the Union pre-hire agreement and never made contributions to the Trust for residential work. When the Trust assessed withdrawal liability I had no employees doing covered work.

6.  My second defense is that the withdrawal liability amount is incorrect. MGM's contributed to the Trust for only four years and paid all of the contributions due for its employees. The Trust said it was calculating withdrawal liability based on MGM's share of all employer contributions for five fiscal years. Over those five years all employers contributed a

total of $1,332,839,095 and MGM's contributed a total of $304,761 according to the Trust. MGM's share should have been no more than .028% not the .033% the Trust calculated. The liability amount is at least $46,000 overstated. In May 2005 I asked the Trust for copies of all of the reports and financial statements it relied on to assess liability against MGM's. To date the Trust has not provided that information. All I have is the summary attached to its March 2005 assessment letter and a July 2007 letter from Ms. Perkins which has different liability numbers from the summary.

7. I also dispute the withdrawal liability amount because under ERISA section 4225 withdrawal liability is supposed to be reduced if the employer is insolvent. As of June 30, 2004 MGM's total assets excluding the value of my house were $88,379. MGM's current and long-term liabilities were $183,255. This does not count any amount for withdrawal liability. A copy of MGM's financial statements as of June 30, 2004 prepared by my accountant is attached.

8. I do not believe that the Trust would be harmed if its motion for a default judgment is denied. The Trust delayed for over two years responding to my request to review the withdrawal liability assessment. It has still not provided me with information I requested. Its July 2007 letter indicated it was willing to arbitrate.

9. The questions I would submit to an arbitrator are the defenses I described above, that no withdrawal occurred and that the withdrawal amount is incorrect. I did not agree to the arbitrators the Trust proposed because it never gave me a complete list to choose from. I did not make installment payments because I could not afford them and I thought I did not owe any amount until my request for a review and recalculation of the withdrawal liability amount and arbitration was completely over.

10. I am still willing to discuss a possible settlement but I have no way to pay a judgment against me. I would be forced to file bankruptcy.

11. I respectfully request the Court to deny the Trust's motion for a default judgment.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 7, 2008

                                                          _____
                                                          MICHAEL MOXLEY

## PROOF OF SERVICE BY MAIL

I am employed in Contra Costa County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is P.O. Box 406, Pinole, CA 94564. On August 7, 2008, I placed for deposit with the United States Postal Service a true and correct copy of the within document(s):

OPPOSITION TO MOTION FOR DEFAULT JUDGMENT AND ISSUES FOR ARBITRATION

in a sealed envelope, postage fully paid, addressed as follows:

Blythe Mickelson
Roberta D. Perkins
Weinberg, Roger & Rosenfeld
1001 Marina Village Parkway #200
Alameda, CA  94501

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 7, 2008, at Pinole, California.

5.

8:57 AM
08/05/08
Cash Basis

# MGM's Cabinet Installation Service
## Profit & Loss YTD Comparison
### December 2004

|  | Dec 04 | Jan - Dec 04 |
|---|---:|---:|
| **Ordinary Income/Expense** | | |
| **Income** | | |
| 3100 · Cabinet Installations | 41,285.00 | 521,924.81 |
| 3900 · Sales returns and allowances | 0.00 | -17,626.45 |
| **Total Income** | 41,285.00 | 504,298.36 |
| **Cost of Goods Sold** | | |
| 4100 · Materials | 21,091.52 | 261,690.61 |
| 4300 · Sub-Contract Work | 0.00 | 39,135.08 |
| **Total COGS** | 21,091.52 | 300,825.69 |
| **Gross Profit** | 20,193.48 | 203,472.67 |
| **Expense** | | |
| 5050 · Salaries and Wages | 582.00 | 44,391.60 |
| 5100 · Advertising | 3,051.26 | 27,999.17 |
| 5300 · Auto Expense | 2,179.46 | 31,723.97 |
| 5400 · Bank Service Charges | 0.00 | 130.00 |
| 5500 · Casual Labor | 133.10 | 349.44 |
| 5600 · Commissions | 0.00 | 500.00 |
| 5650 · Donations | 0.00 | 614.90 |
| 5700 · Credit Card Discounts | 277.69 | 2,871.85 |
| 5800 · Depreciation Expense | 17,933.00 | 17,933.00 |
| 5850 · Dues and Subscriptions | 0.00 | 1,053.00 |
| 5900 · Employee Benefits | 0.00 | 14,748.46 |
| 6000 · Meals & Entertainment | 175.50 | 2,431.87 |
| 6040 · Fines & Penalties | 0.00 | 4,426.24 |
| 6050 · Freight & Delivery | 0.00 | 180.11 |
| 6100 · Insurance | | |
|     6102 · Liability Insurance | 0.00 | 3,851.92 |
|     6150 · Medical (Kaiser) | 306.48 | 1,782.91 |
|     6250 · Work Comp | 15.79 | 1,742.59 |
|     6270 · Auto | 0.00 | 2,905.25 |
| **Total 6100 · Insurance** | 322.27 | 10,282.67 |
| 6200 · Insurance - Auto | 0.00 | 1,722.75 |
| 6300 · Interest Expense | 962.59 | 15,474.42 |
| 6350 · Travel & Ent | 0.00 | 0.00 |
| 6450 · Professional Fees | 260.00 | 835.00 |
| 6451 · Accounting | 300.00 | 6,269.50 |
| 6452 · Legal Fees | 2,398.56 | 3,621.06 |
| 6500 · Licenses and Permits | 1,499.10 | 2,863.10 |
| 6650 · Miscellaneous | 0.00 | 0.00 |
| 6700 · Office Supplies | 985.55 | 4,332.41 |
| 6850 · Postage | 88.07 | 724.56 |
| 7050 · Rent - Equipment | 0.00 | 345.98 |
| 7100 · Rent - Office | 0.00 | 8,724.64 |
| 7150 · Rent - Storage | 280.00 | 3,315.82 |
| 7200 · Repairs | 21.00 | 590.27 |
| 7350 · Supplies | 690.44 | 4,504.24 |
| 7400 · Taxes - Payroll | 325.93 | 5,881.47 |
| 7600 · Telephone | 1,572.51 | 29,323.07 |
| 7700 · Travel | 521.39 | 6,652.06 |
| 7750 · Uniform | 0.00 | 29.50 |
| 7800 · Utilities | 720.74 | 8,800.81 |
| **Total Expense** | 35,280.16 | 263,646.94 |
| **Net Ordinary Income** | -15,086.68 | -60,174.27 |
| **Other Income/Expense** | | |
| **Other Income** | | |
| 8200 · Other Income | 0.00 | 1,393.04 |
| **Total Other Income** | 0.00 | 1,393.04 |
| **Net Other Income** | 0.00 | 1,393.04 |

8:57 AM
08/05/08
Cash Basis

# MGM's Cabinet Installation Service
# Profit & Loss YTD Comparison
December 2004

|  | Dec 04 | Jan - Dec 04 |
|---|---:|---:|
| Net Income | -15,086.68 | -58,781.23 |