MGM'S CABINET INSTALLATION SERVICE
MICHAEL G. MOXLEY
P.O. Box 406
Pinole, CA  94564
Telephone     (510) 741-8695
Facsimile:    (510) 741-5554
Email:        mgm@mgmoxley.com




FILED

08 AUG 28 AM 11:08

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION



| CARPENTERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA, <br><br> Plaintiff, <br><br> v. <br><br> MGM'S CABINET INSTALLATION SERVICES AND MICHAEL GORDON MOXLEY, <br><br> Defendants. | Case No. CV 08-1164 WHA <br><br> **MGM CABINET INSTALLATION SERVICES AND MICHAEL G. MOXLEY'S ANSWER TO COMPLAINT FOR COLLECTION OF WITHDRAWAL LIABILITY** |
|---|---|

Defendants MGM CABINET INSTALLATION SERVICES and MICHAEL GORDON MOXLEY answer the Complaint by Plaintiff CARPENTERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA as follows:

1. Answering paragraph 1 of the Complaint, Defendants deny that Plaintiff is entitled to any relief against either of them.

2. Defendants have no knowledge of the matters alleged in paragraph 2 of the Complaint.

3. Answering paragraph 3 of the Complaint, Defendants deny that this matter is properly before the Court because Defendants made a timely request for review and arbitration and those procedures have not been completed.

4. Answering paragraph 4 of the Complaint, Defendants admit that they are domiciled in Pinole but deny each and every allegation that they owe or are required to pay any

withdrawal liability to Plaintiff.

5. Defendants have no knowledge of the matters alleged in paragraph 5 of the Complaint.

6. Answering paragraph 6, Defendants admit that MGM's Cabinet Installation Services is a sole proprietorship and that Michael Gordon Moxley is the sole owner. Defendants also admit that they are authorized to do business in California.

7. Answering paragraph 7, Defendants deny each and every allegation contained in said paragraph.

8. Answering paragraph 8, Defendants incorporate their responses to paragraphs 1 through 7.

9. Answering paragraph 9, Defendants admit that MGM Cabinet Installation Service had a pre-hire agreement with Carpenters 46 Northern California Counties Conference Board, which was lawfully and properly terminated. Defendants allege that while the agreement was in effect, MGM made all required contributions to Plaintiff.

10. Answering paragraph 10, Defendants admit the allegations in said paragraph.

11. Answering paragraph 11, Defendants deny each and every allegation contained in said paragraph.

12. Answering paragraph 12 of the Complaint, Defendants deny that they withdrew from Plaintiff and deny that withdrawal liability is due and owing in this case.

13. Paragraph 13 of the Complaint does not require an answer by Defendants.

14. Defendants deny each and every allegation contained in paragraph 14 of the Complaint.

15. Defendants admit that Plaintiff sent them a notice of withdrawal liability and other information as alleged in paragraph 15 of the Complaint but deny that any such liability was or is due or owing and deny that Plaintiff's calculations were correct.

16. Defendants admit the allegations in paragraph 16 of the Complaint.

17.     Defendants admit the first sentence of paragraph 17 of the Complaint but deny each and every remaining allegation contained in said paragraph.

18.     Answering paragraph 18 of the Complaint, Defendants deny that a default has occurred and deny that Plaintiff is entitled to request immediate payment of the entire assessed withdrawal liability.

19.     Answering paragraph 19 of the Complaint, Defendants deny each and every allegation contained in said paragraph.

20.     Answering paragraph 20 of the Complaint, Defendants deny each and every allegation contained in said paragraph.

## AFFIRMATIVE DEFENSES

Defendants make the following affirmative defenses.

1.      The Complaint fails to state a claim for relief against Defendants.

2.      Defendants did not have a withdrawal from Plaintiff because after the termination of the Carpenters Union agreement MGM Cabinet Installation Service did not continue to perform work that was previously covered by a collective bargaining agreement with the Union.

3.      The Court lacks jurisdiction and this action is barred because Defendants timely requested arbitration of their defenses to withdrawal liability and Plaintiff has not exhausted the review and arbitration provisions of ERISA sections 4219 and 4221.

4.      Defendants timely requested review and arbitration, those procedures have not been exhausted and therefore no default permitting Plaintiff to demand payment of the entire amount of withdrawal liability has occurred. PBGC regulations section 4219.31(c).

5.      Plaintiff's calculation of Defendants' withdrawal liability is incorrect.

6.      Plaintiff's calculations of withdrawal liability are not reasonable in the aggregate and are not based upon reasonable and sound actuarial assumptions and methods or reasonable interest rate assumptions.

7.      Plaintiff's calculation of withdrawal liability is unsupported by any

evidence of Plaintiff's unfunded liabilities or the actuarial assumptions and methods used to determine Plaintiff's funding status.

        8.    Any withdrawal liability must be reduced due to Defendants' insolvency, as provided in ERISA section 4225.

        9.    The Complaint fails to set forth facts upon which an award of attorneys' fees and costs may be made.

### PRAYER

Defendants pray for the following relief:

        1.    For the Court to deny each and every claim and item of relief in the Complaint.

        2.    For the Court to dismiss this action with prejudice or in the alternative to order this matter to arbitration in accordance with the request timely made by Defendants.

        3.    For such other and further relief as the Court thinks proper.

Dated: August __, 2008

                                                      MICHAEL G. MOXLEY

## PROOF OF SERVICE BY MAIL

I am employed in Contra Costa County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is P.O. Box 406, Pinole, CA 94564. On August 28, 2008, I placed for deposit with the United States Postal Service a true and correct copy of the within document(s):

MGM CABINET INSTALLATION SERVICES AND MICHAEL
G. MOXLEY'S ANSWER TO COMPLAINT FOR
COLLECTION OF WITHDRAWAL LIABILITY

in a sealed envelope, postage fully paid, addressed as follows:

Blythe Mickelson
Roberta D. Perkins
Weinberg, Roger & Rosenfeld
1001 Marina Village Parkway #200
Alameda, CA 94501

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 28, 2008, at Pinole, California.

_[signature]_

5.